FILED

**April 12, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 12:13 PM**



# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT NASHVILLE

| | | |
|---|---|---|
| **VALLEY MATHIS,** | ) | |
| **Employee,** | ) | **Docket No.  2015-06-0547** |
| | ) | |
| **v.** | ) | **State File No. 56054-2015** |
| | ) | |
| **THE KROGER CO.,** | ) | **Judge Joshua Davis Baker** |
| **Employer.** | ) | |

## EXPEDITED HEARING ORDER DENYING REQUESTED RELIEF

This matter came before the Court on a Request for Expedited Hearing filed by the employee, Valley Mathis, pursuant to Tennessee Code Annotated section 50-6-239 (2015).  The present focus of this case is the compensability of Ms. Mathis' claim, as well as her entitlement to medical treatment for her injury, reimbursement for past medical treatment and temporary disability benefits.  For the reasons set forth below, the Court finds Ms. Mathis is unlikely to succeed at a hearing on the merits in proving entitlement to the requested relief.[1]

## History of Claim

Ms. Mathis is a fifty-six-year-old resident of Davidson County, Tennessee, who worked as a stock clerk for the employer, The Kroger Co.  *See* Ex. 4.  The main issue of contention at this time concerns whether Ms. Mathis had an accident while working for Kroger.

At the expedited hearing, Ms. Mathis testified she fell while pulling a pallet of dog food at approximately 12:30 or 12:45 a.m. on May 12 or 14, 2015.  She also stated the accident occurred on a Friday night; however, neither May 12 nor May 14 fell on a Friday in 2015.  Ms. Mathis testified she told her supervisor, Grady Wilkes, about her injury immediately after she fell, and he told her to come with him to an upstairs office to complete an accident report.  According to Ms. Mathis, Mr. Wilkes helped fill out the report and placed the completed report in her file.  She then returned to work.

---

[1] A complete listing of exhibits and the technical record admitted at the Expedited Hearing is attached to this Order as an appendix.

At the hearing, Mr. Wilkes denied Ms. Mathis told him she had an accident at work involving a pallet jack or that she was hurt at work from another fall. He testified Ms. Mathis told him about a workplace injury to her left wrist and lower back on February 28, 2015, after tripping over a sign.

While, at the expedited hearing, Ms. Mathis testified her accident occurred on May 12 or May 14, she also admitted she told the claims adjustor the date of injury was June 11, 2015. Additionally, she listed June 11, 2015, as the date of the accident in her Petition for Benefit Determination (PBD) and wrote the date of injury as June 11, 2015, on a letter she sent to Kroger. (Ex. 7; T.R. 1.) Finally, Ms. Mathis' Affidavit provided June 14, 2015, as the date of injury. (Ex. 1.) The date on the Affidavit, however, is scratched out and appears to be altered. *Id.*

A letter from Kroger to Ms. Mathis dated June 4, 2015, provides that Kroger discharged her effective May 18, 2015. (Ex. 8.) At the hearing, Ms. Mathis conceded Kroger suspended her on May 18, 2015, for dishonesty for taking a $20 bill from a change dispenser. She did not return to Kroger after her suspension and discharge and admitted she wrote a letter resigning from Kroger on June 6, 2015.

Ms. Mathis testified that she went to Southern Hills for treatment immediately after her shift ended on the date of injury. However, she did not introduce medical records documenting this visit. She subsequently saw Dr. David West, D.O., on June 26, 2015, who diagnosed joint pain in her forearm and shoulder. (Ex. 3 at 12.) Notes from that visit indicate she presented with wrist pain, worse on the left than the right, and includes a notation that "the symptom started 3-4 years ago." *Id.* Ms. Mathis denied she told Dr. West the symptoms began three to four years ago and instead claimed she told him she had experienced pain for "about a week." At a follow-up visit to Dr. West on July 14, 2015, he recommended shoulder surgery.[2] *Id.* at 16. She provided the previously-referenced written notice of injury to Kroger two days later. (Ex. 7.)

Prior to Kroger denying her claim (Ex. 5), Ms. Mathis filed a PBD. (T.R. 1.) The parties did not resolve the disputed issues through mediation, and the Mediating Specialist filed a Dispute Certification Notice. (T.R. 2.) Ms. Mathis filed a Request for Expedited Hearing (T.R. 3), and this Court heard the matter on March 30, 2016.[3]

---

[2] At the expedited hearing Ms. Mathis attempted to introduce films of an MRI ordered by Dr. West, which allegedly document a need for shoulder surgery. Kroger objected to its admissibility, which objection this Court sustained because the proposed exhibit was not timely filed. *See* Tenn. Comp. R. & Regs. 0800-02-21-.14(1)(a) (2015).

[3] During the expedited hearing at the close of Ms. Mathis' case-in-chief, Kroger moved to dismiss her claim for failure to state a claim upon which relief can be granted under *McCall v. Nat'l Health Corp.,* 100 S.W.3d 209, 214 (Tenn. 2003). The Court denied the motion, finding that Ms. Mathis' testimony set forth a prima facie case that she suffered a workplace injury.

**Findings of Fact and Conclusions of Law**

The Court applies the following legal principles to decide this matter. In general, Ms. Mathis bears the burden of proving all elements of her claim by a preponderance of the evidence in order to recover workers' compensation benefits. Tenn. Code Ann § 50-6-239(c)(6) (2015); *see also Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. Appl. Bd. LEXIS 39, at *5 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). However, she is not required to prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *See McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). Instead, she must come forward with sufficient evidence from which this Court can determine she is likely to prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2015). For the reasons provided below, the Court finds Ms. Mathis failed to carry her burden of proving a likelihood of success at a trial on the merits on the issue of whether she sustained an injury arising primarily in the course and scope of employment.

In order for Ms. Mathis to be eligible for benefits, she must have suffered an injury, or injuries, as defined by the Workers' Compensation Law. Under the Workers' Compensation Law, an "injury" means "an injury by accident . . . arising primarily out of and in the course and scope of employment, that causes death, disablement, or the need for medical treatment of the employee[.]" Tenn. Code Ann. § 50-6-102(14) (2015). To constitute a viable claim for workers' compensation benefits the injury must be "by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment." *Id.* "An injury arises primarily out of and in the course and scope of employment only if it has been shown by a preponderance of the evidence that the employment contributed more than fifty percent (50%) in causing the injury, considering all causes[.]" *Id.* (internal quotations omitted).

The Court finds Ms. Mathis failed to carry her burden of proving she suffered an injury in the course and scope of her employment with Kroger. Although Ms. Mathis testified her injury occurred on May 12 or May 14 at the Expedited Hearing, she provided June dates of injury in all conversations and correspondence filed before the hearing. In her phone interview with the adjuster, Ms. Mathis gave June 11, 2015, as the date of injury. In her PBD, Ms. Mathis listed June 11, 2015, as her date of injury. (T.R. 1.) The affidavit she filed in support of her Request for Expedited Hearing listed June 14, 2015, as the date of injury. (Ex. 1.) Finally, the letter Ms. Mathis sent to Kroger on July 16, 2015, listed her date of injury as June 11, 2015, although it appears the document might have been altered. (Ex. 2.)

In addition to the documentation where Ms. Mathis consistently maintained she suffered an injury in June 2015, the Court also heard Mr. Wilkes' testimony. The Court

finds Mr. Wilkes credibly testified Ms. Mathis did not report an injury involving a pallet jack.

Based on a review of all the evidence, the Court finds Ms. Mathis failed to show she suffered an injury on May 12 or 14, 2015. Instead, the evidence as it stands now shows the injury occurred on June 11, 2015. Because Kroger terminated Ms. Mathis employment on May 18, 2015, her June 11, 2015 injury could not have occurred during her employment for Kroger. Accordingly, the Court finds Ms. Mathis is unlikely to succeed at a hearing on the merits in proving she suffered injury in the course and scope of her employment for Kroger.

This finding does not preclude Mr. Mathis from marshalling additional evidence prior to the compensation hearing to prove her injury occurred in May 2015. As the evidence stands now, however, her claim must fail.

**IT IS, THEREFORE, ORDERED** as follows:

1. Ms. Mathis' claim for medical and temporary disability benefits and reimbursement of medical expenses is denied.

2. This matter is set for an Initial (Scheduling) Hearing on May 23, 2016, at 8:30 a.m. (CDT).

**ENTERED ON THIS THE __12th__ DAY OF APRIL, 2016.**

_____
**Judge Joshua Davis Baker**
**Court of Workers' Compensation Claims**

4

Initial Hearing:

An Initial (Scheduling) Hearing has been sent for **May 23, 2016, at 8:30 a.m. Central Time** with **Judge Joshua Davis Baker, Court of Workers' Compensation Claims. You must call 615-741-2113 or toll free at 855-874-0474 to participate in the Initial Hearing.**

**Please Note:** <u>**You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).**</u>

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk within seven business days of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a filing fee in the amount of $75.000. Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **<u>Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.</u>**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of

the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal.  The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof.  A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement.  All position statements pertaining to an appeal of an interlocutory order should include:  (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

**APPENDIX**

Exhibits:

1. Affidavit of Valley Mathis
2. Affidavit of Grady Wilkes
3. Medical Records of Valley Mathis:
   - Southern Pain Institute, Neurography and Electromyography Report, June 10, 2015
   - Premier Orthopedics, exam by Dr. Viraslav, July 8, 2015, and MRI read by Dr. Resnick
   - Dr. West office visits, June 26, 2015 and July 14, 2015
4. FROI, July 17, 2015
5. Form C-23, Notice of Denial, July 31, 2015
6. Wage Statement, August 3, 2015
7. Ms. Mathis' written notice of accident/injury, July 16, 2015
8. The Kroger Co. letter discharging Ms. Mathis, June 4, 2015

Technical Record:

1. Petition for Benefit Determination, July 27, 2015
2. Dispute Certification Notice, August 28, 2015
3. Request for Expedited Hearing, December 21, 2015
4. Employer's Response to Employee's Request for Expedited Hearing, December 23, 2015

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 12th day of April, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|----------------|---------|-----------|------------------|
| Valley Mathis, self-represented | X | | X | Valley815@gmail.com; 2531 Glenrose Ave., Apt. B6, Nashville TN 37210 |
| Heather Douglas, Employer's attorney | | | X | hdouglas@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**